USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AZHAR JAFFRI,                                   Scheduling Order

Plaintiff,                                      07 Civ. 4086 (SAS)

against                                         **Conference Date: 7/16/07**

SHELLEY SOUZA, individually
and as Co-Administrator of the
Estate of Francis Newton Souza,
JEFFREY S. GREENER, individually and
as Co-Administrator of the Estate of
Francis Newton Souza, FRANCESCA SOUZA,
individually, and the ESTATE OF
FRANCIS NEWTON SOUZA,

Defendants.
-----------------------------------------------------------------X

Whereas, the Court issued an Order for a Conference in accordance with Fed.R.Civ. P 16(b) on June 15, 2007 (the "Order"); and

Whereas, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

Now, therefore, the parties hereby submit the following information as required by the Order:

1.      The conference date is July 16, 2007.

2.      The parties provide the following concise statements of the issues:

By plaintiff: Plaintiff consigned eight authentic paintings by Francis Newton Souza to three auction houses for sale in the spring 2006. The paintings are part of plaintiff's larger collection of art by F.N. Souza. Defendants communicated with the auction houses and stated, inter alia, that the paintings were not by F.N. Souza and

1

demanded that the auction houses remove the paintings from the sales, or tell buyers that they would not be authenticated. The auction houses removed the artworks from the sales, harming plaintiff. Defendants are liable to plaintiff for damages caused by their actions, including the loss of value of the paintings, and plaintiff is entitled to equitable relief.

By appearing defendants: This is a frivolous action brought against the Estate of the artist Francis Newton Souza, and individuals working for the Estate, who have no liability whatsoever for privately expressing opinions to auction houses and suggesting that they inquire further about the paintings that are referenced in the complaint.

3. It is plaintiff's position that discovery should proceed although there will soon be a pending motion to dismiss; it is the appearing defendants' position that discovery should be stayed pending the resolution of the motion to dismiss.

(a) Persons to be deposed and schedule:

Parties' depositions: to be conducted on or before November 15, 2007;

Domestic nonparty depositions, including but not limited to depositions of employees or others associated with the auction houses: to be conducted on or before December 15, 2007, subject to the availability of the witnesses;

International depositions, including depositions of witnesses located in the United Kingdom and Pakistan: to be conducted on or before February 15, 2008, subject to the availability of the witnesses and legal process in the relevant countries.

3  (b) The schedule for the production of documents is as follows:

Service of parties' document demands on or before July 25, 2007;

    Service of parties' document responses on or before August 29, 2007;

    Service of third-party document subpoenas in the United States on or before October 1, 2007;

    Commencement of service of document demands on overseas witnesses on or before November 1, 2007, subject to availability and timing of international process in relevant countries.

3    ( c) Parties' initial expert reports to be served on or before March 1, 2008; rebuttal reports to be served on or before April 1, 2008; expert depositions to be served on or before May 1, 2008.

3    (d) Expert depositions to be completed by June 1, 2008.

3    (e) Plaintiff will supply pretrial order matters to defendant on or before July 1, 2008.

    (f) The parties will submit a pretrial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial on or before September 10, 2008.

    (g) The date of the final pretrial conference is _____March 11, 2008 at 4:30_____.

4.    Possible limitations on discovery include a) the appearing defendants' request that discovery not proceed while the motion to dismiss is pending, which is opposed by plaintiff, and b) the parties may require a protective order depending on the documents to be produced.

5.  The parties have not yet identified any discovery issues which after a good faith effort counsel have not resolved, although counsel identify possible discovery issues which may arise to include issues a) relating to the availability of witnesses overseas and matters relating to their testimony, and/or b) relating to possible translation of foreign language documents.

6.  Anticipated areas of expert testimony include a) the art of F.N. Souza, b) scientific analysis of the eight works, c) handwriting analysis, d) market appraisal/valuations, e) the methodology forgers, and e) the sale of forgeries, including works purportedly created by F.N. Souza in the art market.

7.  The parties anticipate a two to three week jury trial.

8.  Counsel is aware that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or as justice so requires, noting that certain discovery issues remain unknown and beyond the parties' control, including the availability and timing of access to documents and witnesses in foreign jurisdictions which may require alteration of the schedule and/or the Court's assistance.

9.  Plaintiff's counsel is Cynthia Rollings & Vera M. Scanlon of Beldock Levine & Hoffman LLP, 99 Park Avenue, Suite 1600, New York, New York 10016, 212 490 0400, and the appearing defendants' counsel is John R. Cahill, Lynn & Cahill LLP, 500 Fifth Avenue, 14th Floor, New York, New York 10110, 212 719-4400.

Dated: July /_/, 2007

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.