# LYNN & CAHILL LLP

500 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NY 10110
T: (212) 719-4400
F: (212) 719-4440
WWW.LYNNCAHILL.COM
jcahill@lynncahill.com

October 8, 2007

**BY HAND *and* ECF**

The Honorable Shira A. Scheindlin
Judge of United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Jaffri v. Souza et. al.*/07 CV 4086 (SAS)

Dear Judge Scheindlin:

  We represent defendants (a) the Estate of Francis Newton Souza as well as (b) Shelley Souza and Jeffrey S. Greener (in their individual and representative capacities) (the "Appearing Defendants") in the above-referenced action.

  We respectfully submit this letter pursuant to the Court's Order of October 5, 2007, directing the defendants "to demonstrate the basis for this Court's exercise of subject matter jurisdiction over this matter" no later than today.

  This case was removed to the Court pursuant to 28 U.S.C. § 1441(a). Jurisdiction based on diversity was posited pursuant to 28 U.S.C. § 1332(a)(2), as the amount claimed by the plaintiff exceeded the jurisdictional limit and the action is between citizens of a State and a citizen of a foreign state. The plaintiff is alleged in the complaint to be a citizen of Singapore. (Apparently, he has since moved to Pakistan.) The Appearing Defendants are alleged to be (and in fact are) citizens of New York. Francesca Souza is a named defendant and is a citizen (for jurisdictional purposes, at least) of the United Kingdom. Francesca Souza has not been served with process, and has not appeared in this action.

LYNN & CAHILL LLP

The Honorable Shira A. Scheindlin
October 9, 2007
Page 2 of 2

Plaintiff's time to object to removal has expired. At the initial conference before the Court and otherwise, Plaintiff's counsel, in any event, expressly waived any objection to the removal of the case.

Nonetheless, we recognize that no waiver can cure a lack of subject matter jurisdiction. We are cognizant that an argument could be made that Plaintiff's naming of Francesca Souza, a citizen of a foreign state, destroys diversity. There is, however, support for the position that the citizenship of an unserved defendant such as Francesca Souza should not be considered with respect to the consideration of removal jurisdiction on grounds of diversity. *See, e.g., Sands v. Geller*, 321 F. Supp. 558, 562 (S.D.N.Y. 1971).

The Appearing Defendants, however, also recognize that there is authority to the contrary. *Worthy v. Schering Corp.*, 607 F. Supp. 653, 655 (S.D.N.Y. 1985). Accordingly, the basis for subject matter jurisdiction may not be free from controversy. As a result, and to permit the parties to resolve this action without becoming mired in thorny jurisdictional disputes, the Appearing Defendants respectfully request that an order remanding this action to the Supreme Court, New York County be issued promptly if it is to be issued.

Respectfully yours,

*[signature]*

John R. Cahill

cc: Vera M. Scanlon, Esq. (via electronic mail)
    Robert Gottlieb, Esq. (via electronic mail)